UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY J. DIMARZIO,

       Plaintiff,

v.

       Case No. 11-15635
       Hon. Gerald E. Rosen
       Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      November 20, 2013

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

On June 24, 2013, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Anthony Dimarzio's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment.  Plaintiff filed objections to the R & R on July 3, 2013, and Defendant responded to these objections on July 17, 2013.  Having reviewed the R & R, Plaintiff's objections, the parties' underlying summary judgment motions, and the remainder of the record, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff first objects that the Magistrate Judge's statement of the background legal principles governing the assessment of a treating physician's opinion, (*see* R & R at 17-20), rests in part upon a Seventh Circuit ruling, *Dixon v. Massanari,* 270 F.3d 1171 (7th Cir. 2001), that does not comport with the law of this Circuit.  Yet, while the Magistrate Judge cited *Dixon* for the proposition that a treating physician's evaluation may be unreliable due to bias in favor of a patient, (*see* R & R at 18 (citing *Dixon,* 270 F.3d at 1177)), nothing in the R & R's ensuing analysis suggests that the Magistrate Judge brought this principle to bear in determining whether the Administrative Law Judge ("ALJ") gave appropriate weight to the opinions of Plaintiff's treating physicians.   More importantly, nothing in the record indicates that the ALJ relied on any such considerations of favoritism or bias in determining the weight to be given to treating physician opinions, so the Magistrate Judge's citation to *Dixon* provides no basis for disturbing the ALJ's decision on this point.

Next, Plaintiff contends that the ALJ failed to give appropriate weight to the opinion of a consultative psychological examiner, Dr. Nick Boneff, who assigned Plaintiff a GAF score of 45 "based on [his] medical condition" and stated that "the severity and chronicity of [Plaintiff's] pain likely interferes with concentration and attention at times such that he would have difficulty doing sustained work but would probably be able to do part time simple routine task[s] not requiring any physical activity or heavy labor."  (Admin. Record at 331.)  As explained in the R & R, however, (*see* R & R at 20-21), the ALJ determined that no weight should be given to Dr. Boneff's "views

2

on [Plaintiff's] capacity to perform physical work-related activities," where he had "no professional background or qualifications to make such judgments" as to Plaintiff's physical impairments and resulting severity of pain, and where there was no indication in the record that this opinion was based "upon a comprehensive physical examination of [Plaintiff] or a review of [his] clinical evidence," (ALJ Decision at 6 & n.1, Admin. Record at 96). Likewise, Defendant points out that Plaintiff's GAF score of 45 was expressly "based on [Plaintiff's] medical condition," (Admin. Record at 331), which Dr. Boneff lacked the qualifications to assess. To the extent that Plaintiff protests that the Magistrate Judge "failed to note that Dr. Boneff is a specialist," (Plaintiff's Objections at 2), the R & R expressly states that Dr. Boneff has a Ph.D., (*see* R & R at 12), and the ALJ likewise characterized the report of Dr. Boneff and his colleague, Julia Czarnecki, as prepared by "a clinical psychologist" who conducted a "consultative psychiatric examination" of Plaintiff, (ALJ Decision at 6, Admin. Record at 96).[1] Accordingly, the Court fully concurs in the Magistrate Judge's finding that "the ALJ properly considered and weighed the opinions of Dr. Boneff and Ms. Czarnecki." (R & R at 21.)

Plaintiff next objects that the Magistrate Judge failed to sufficiently address the

---

[1]Plaintiff further suggests that the Magistrate Judge failed to recognize that Dr. Boneff, as a purported "State Agency medical examiner[]," should be deemed a "highly qualified" psychologist who is an "expert[] in the evaluation of medical issues in disability claims under the Social Security Act." (Plaintiff's Objections at 2.) As Defendant points out, however, Plaintiff evidently has confused state agency psychological consultants with consultative examiners. As the latter, Dr. Boneff is an outside practitioner who performs examinations at the request of a state agency, and he is not encompassed within the Social Security regulation providing that state agency medical and psychological consultants are "highly qualified" medical specialists "who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i).

opinions of his "psychologist," Patrick Cavell.  Yet, as an initial matter, Defendant correctly observes that Mr. Cavell is not a psychologist, but instead is a licensed professional counselor.  (*See* Admin. Record at 361.)  Consequently, Mr. Cavell is not deemed under the pertinent Social Security regulations to be an "acceptable medical source" whose assessments of Plaintiff qualify as "medical opinions" that are entitled to the protections of the treating-source rule.  *See* 20 C.F.R. §§ 404.1527(a)(2), (c).  In any event, the Magistrate Judge recounted Plaintiff's treatment history with Mr. Cavell, (*see* R & R at 14-15), and also explained that Mr. Cavell's findings, along with the remainder of the record, provide substantial evidentiary support for the ALJ's determination of Plaintiff's residual functional capacity ("RFC"), (*see id.* at 23-24).  Moreover, the underlying ALJ's decision addressed Mr. Cavell's opinion at length, explaining in considerable detail why this opinion was given "scant weight" in determining Plaintiff's RFC.  (*See* ALJ Decision at 10-12, Admin. Record at 100-02.)  Against this backdrop, the Court agrees with the Magistrate Judge that "the record as a whole provides substantial evidence supporting the ALJ's . . . RFC assessment limiting Plaintiff to simple, unskilled work."  (R & R at 24.)

   Next, Plaintiff complains that the Magistrate Judge was unduly "persuaded" by the assessment of Plaintiff by psychiatric consultant Kathy A. Morrow, despite the fact that Ms. Morrow's qualifications purportedly are "unknown and not included in the record," and despite the fact that her assessment of Plaintiff conflicts to some extent with those of Dr. Boneff and Mr. Cavell.  (Plaintiff's Objections at 4.)  As Defendant explains

in response, however, a code in the record reveals that Ms. Morrow is a psychologist, (*see* Admin. Record at 334), and Defendant further observes that the Court may take judicial notice of the State of Michigan licensing records showing that Dr. Morrow is a doctoral-level psychologist, (*see* Defendant's Motion for Summary Judgment, Br. in Support at 8 & n.1 (citing to these state records)). In addition, the ALJ explained that Ms. Morrow's opinion was given "substantial weight" and was deemed "persuasive because her findings are consistent with the totality of [Plaintiff's] clinical evidence." (ALJ Decision at 6, Admin. Record at 96.) The Court is satisfied that this finding, like the ALJ's other determinations as to the weight to be given to the opinions of health care providers and consultative examiners in this case, comports with the governing legal standards and enjoys the support of substantial evidence in the record.

 Finally, Plaintiff argues that the Magistrate Judge "ignored" a line of cases supporting his "contention that the ALJ's hypothetical question [to the vocational expert] was incomplete and flawed." (Plaintiff's Objections at 4.) Yet, the Magistrate Judge expressly acknowledged that the "case law resolves [this question] both ways," and then proceeded to determine that this case is more properly governed by the decisions finding that a hypothetical question limiting a claimant to simple, unskilled work, without express mention of moderate limitations in concentration, persistence or pace, can suffice to accurately convey a claimant's RFC. (R & R at 22-24 (internal quotation marks and citation omitted).) Having independently reviewed this case law in light of the record presented in this case, the Court fully concurs in the Magistrate Judge's analysis and

disposition of this issue.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 3, 2013 objections to the Magistrate Judge's June 24, 2013 Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #42) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order.  Finally, IT IS FURTHER ORDERED, for the reasons set forth above and in the Magistrate Judge's Report and

---

[2]Before leaving this matter, the Court wishes to express its appreciation to Plaintiff's present counsel, Kenneth F. Laritz, for agreeing to appear in this case and represent Plaintiff after the Court found various deficiencies in the performance of Plaintiff's initial counsel.  As always, Mr. Laritz has ably represented his client in this litigation.

6

Recommendation, that Plaintiff's January 18, 2013 motion for summary judgment (docket #39) is DENIED, and that Defendant's March 18, 2013 motion for summary judgment (docket #41) is GRANTED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  November 20, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135